UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMI AMISON,

        Plaintiff,

v.

DOMINOS PIZZA INC.,

        Defendants.
_____/

Case No. 1:20-cv-119

Hon. Janet T. Neff

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Jeremi Amison. For the reasons set forth below, this complaint should be dismissed.

**I.     Discussion**

**A.     Complaint**

Plaintiff, a resident of Napierville, Illinois, filed a complaint against Dominos Pizza, Inc. Plaintiff alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that he has met the $75,000 jurisdictional amount because he claims 500 billion dollars in punitive damages. Compl. (ECF No. 1, PageID.3). Plaintiff has alleged "Defamation, Libel slander" based on the following:

> Defendant & their employee libelly slandered the plaintiff by posting the plaintiff's bank card information online Aug. 1, 2018. The post [unintelligible] the response of several others.

PageID.4.

### B. Lack of jurisdiction

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). It is well established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff alleged that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides in pertinent part that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C § 1332(a)(1). Plaintiff claims diversity jurisdiction because he is a citizen of Illinois and defendant "Dominos Pizza Inc" is incorporated under the laws of the State of Michigan and has a principal place of business in Michigan. Compl. at PageID.4. Plaintiff does not allege a street address for defendant, nor does he allege where the incident occurred which gave rise to this lawsuit, or any facts in addition to his two-sentence allegation. Nevertheless, for purposes of this report, the Court will assume that diversity exists between plaintiff and defendant as alleged.

Even if the Court assumes diversity, plaintiff's complaint fails to meet the jurisdictional amount of damages required to proceed under § 1332(a)(1). Plaintiff does not allege any compensatory damages related to his state law claims (*i.e.*, defamation, libel, and slander).

2

Rather, plaintiff seeks 500 billion dollars in punitive damages. As a general rule, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Heyman v. Lincoln National Life Insurance Co.*, 781 Fed. Appx. 463, 471 (6th Cir. 2019) (internal quotation marks omitted). However, a plaintiff's claim of damages must be brought in good faith:

> Whether the amount in controversy requirement has been satisfied is judged on a good faith standard. *See Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973). Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. *See Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976).

*Jennings v. Ford Motor Co.*, 56 F.3d 64 (6th Cir. 1995) (unpublished disposition). In *Jennings*, the Sixth Circuit held that the district court "clearly lacked" diversity jurisdiction where the plaintiff alleged that a supervisor physically and verbally assaulted him while he was working at a Ford plant, concluding that "the prayer for ten million dollars is so excessive in comparison with the facts alleged in support of the claim as to evidence a lack of good faith". Similarly, plaintiff's prayer for relief in the amount of 500 billion dollars is so excessive in comparison with the facts alleged as to evidence a lack of good faith in this case. Accordingly, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated: April 7, 2020                              /s/ Ray Kent
                                                  RAY KENT
                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).